```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


WARZELL BOOTY,                    §
                                  §
        Plaintiff,                §
                                  §
v.                                §    CIVIL ACTION NO. H-05-079
                                  §
JOHN E. POTTER, Postmaster        §
General of the United States      §
of America,                       §
                                  §
        Defendant.                §
```

MEMORANDUM AND ORDER

Pending are Defendant's Motion to Dismiss (Document No. 26) and Defendant's Supplemental Motion to Dismiss (Document No. 35). After carefully considering the motions, responses, reply, sur-reply, and the applicable law, the Court concludes as follows.

I.  Background

This is a Title VII action against a federal employer, Defendant John E. Potter, in his capacity as Postmaster General of the United States of America. Plaintiff Warzell Booty, who is black, alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by subjecting him to a hostile working environment based on his race, discriminating against him on account of his race, and retaliating

against him for "having complained about the illegal discrimination."[1]

Plaintiff began working for the United States Postal Service ("USPS") in 1987 as a Level 2 Custodian in the maintenance craft, and he eventually was promoted to the position of Letter Box Mechanic at the Spring Post Office. In August, 2003, the USPS issued Plaintiff a notice of proposed removal which stated that Plaintiff had failed to follow instructions to "change 12 locks and immediately return to the office and load Neighborhood Box Units (NBUs) for the following day," and he failed to follow instructions and engaged in unsatisfactory safety performance by driving a postal vehicle while talking on a cell phone.[2] In October, 2003, the USPS issued a letter of decision stating that Plaintiff's removal would be effective October 24, 2003. The letter of decision also notified Plaintiff that if he believed his removal was based in whole or in part on discrimination, he had the right

---

[1] Plaintiff in his First Amended Complaint also alleges that Defendant breached a settlement agreement with the American Postal Workers Union by "failing to reinstate the Plaintiff and pay him back wages." Document No. 29 at 1. Defendant moves to dismiss this claim for lack of standing, to which Plaintiff is not opposed. As such, Plaintiff's breach of contract claim is DISMISSED.

[2] In the four months prior to the notice of proposed removal, the USPS issued Plaintiff a letter of warning, a 7-day suspension, and a 14-day suspension for failures to follow various other instructions. In August, 2003, Plaintiff filed an appeal with the Merit Systems Protection Board alleging discrimination as a basis for the 14-day suspension. Plaintiff later withdrew the appeal, and it was dismissed by the administrative judge in a decision that became final in October, 2003. Document No. 26 exs. B, C, D, G & H.

to file either (1) an appeal to the Merit Systems Protection Board ("MSPB"), or (2) an equal employment opportunity ("EEO") complaint with the USPS, "*but not both*."  See Document No. 26 ex. F at 5 (emphasis added).[3]

In November, 2003, Plaintiff filed an appeal to the MSPB and also a formal EEO complaint with the USPS.  The EEO complaint alleged discrimination (race, color, religion) and retaliation relating to Plaintiff's earlier discipline and his removal.  The MSPB appeal alleged discrimination (race, color, religion) and retaliation for "prior EEO and NLRB activities" as a basis for his removal.  Plaintiff named Michael J. Carew ("Carew") as his representative in both his MSPB appeal form and his EEO complaint.  In January, 2004, Carew filed a notice to withdraw Plaintiff's EEO complaint "in order to pursue the [Plaintiff]'s disputes before the [MSPB]."  Document No. 26 ex. K.  The next month Plaintiff voluntarily withdrew his MSPB appeal, and the administrative judge issued an initial decision dismissing his appeal as withdrawn.  The initial decision notified Plaintiff that the decision "will become

---

[3] The MSPB is an administrative agency that has jurisdiction over specific adverse employment actions affecting federal employees, including removals and some suspensions. See Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004) (citing 5 U.S.C. § 7512).  Although the MSPB does not have jurisdiction over discrimination claims that are not related to appealable adverse actions, a federal employee who alleges that an appealable adverse action was based in whole or in part on discrimination presents a "mixed case" that may be appealed directly to the MSPB.  See 5 U.S.C. § 7702(a)(1)(B)(i); Chappell, 388 F.3d at 1375 (citing 5 U.S.C. § 7702; 29 C.F.R. § 1614.302).

final on **March 29, 2004,** unless a petition for review is filed by that date . . ." See id. ex. L at 2.  In January, 2005, Plaintiff filed the instant action in this Court.

Defendant now moves for dismissal and/or summary judgment, contending that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because (1) the complaint "was filed more than thirty days after the [MSPB] decision became final and [Plaintiff] has not asserted any basis for application of equitable tolling to this case"; and (2) Plaintiff failed to exhaust administrative remedies with respect to his hostile work environment claim.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED R. CIV. P. 12(b)(1).  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. See Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002).  In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The question of subject

matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *See* id. When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. Id.

### III. Discussion

"As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies. . . . [and] file his complaint in a timely manner." Randel v. U.S. Dep't of Navy, 157 F.3d 392, 395 (5th Cir. 1998) (internal citation omitted). Failure to exhaust administrative remedies or to file a civil action complaint within the time allotted by Title VII deprives the district court of jurisdiction over the case. *See* id.; Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990); *see also* Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997).

Pursuant to 29 C.F.R. § 1614.302, a federal employee who alleges that discrimination was a component of an adverse personnel action has two options: he may file either (1) a "mixed case complaint" with his agency's EEO office, or (2) a "mixed case

appeal" directly to the MSPB, but he may not avail himself of both remedies.  *See* id. § 1614.302(a)-(b); *see also* Casimier v. U.S. Postal Serv., 142 Fed. Appx. 201, 204 (5th Cir. July 1, 2005) (unpublished) (same).  "Section 1614.107(d) emphasizes the exclusive nature of an initial filing with the MSPB or EEO by listing among the reasons for which the EEO may dismiss a complaint that, 'the [complainant] has raised the matter . . . in an appeal to the [MSPB] and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process.'"  Economou v. Caldera, 286 F.3d 144, 149 (2d Cir. 2002) (quoting 29 C.F.R. § 1614.107(d), *current version at* 29 C.F.R. § 1614.107(a)(4)).  "Section 1614.302(b) further states that 'whichever is filed first [a formal administrative mixed case complaint with the EEO or a mixed case appeal with the MSPB] shall be considered an election to proceed in that forum.'"  Casimier, 142 Fed. Appx. at 204 (quoting § 1614.302(b)); *see also* Economou, 286 F.3d at 149 ("This binding 'election' between the MSPB and EEO remedies occurs as soon as a formal petition is filed in either forum"; therefore, the petition filed first "determines the appropriate forum for agency review.").

If an employee elects to file a mixed case complaint with his agency's EEO office, "within 30 days of a final EEO decision, or after 120 days pass without a EEO final decision, the employee can file a mixed-case appeal with the MSPB or a civil discrimination action in federal district court."  Smith v.

O'Keefe, No. H-03-5900, 2006 WL 2167716, at *5 n.3 (S.D. Tex. July 31, 2006); *see also* Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999) (same) (citing 5 U.S.C. § 7702(e)(1)(A); 29 C.F.R. §§ 1614.302(d)(1)(i)-(ii), (d)(3); 1614.310(a), (g)). "When a complainant appeals to the MSPB, either directly or after pursuing her claim with the agency EEO office, the matter is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law." Butler, 164 F.3d at 638. "The AJ's initial decision becomes a final decision if neither party, nor the MSPB on its own motion, seeks further review within thirty-five days." Id. at 638-39 (citing 5 C.F.R. § 1201.113). Thereafter, "the complainant again has a choice: within thirty days of receiving a final decision from the MSPB, she can either appeal the discrimination claim to the EEOC, *see* 5 C.F.R. § 1201.157, or appeal the entire claim (or any parts thereof) to the appropriate district court." Id. at 639 (citing 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b)); *see also* Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004) ("In a mixed case, a final decision from the MSPB exhausts an employee's administrative remedies and allows him to seek judicial review.") (citing McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995)). "[O]nce a government employee elects to pursue a mixed case before the [MSPB], she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been

available." Stoll v. Principi, 449 F.3d 263, 266-67 (1st Cir. 2006).

Here, the parties dispute whether Plaintiff elected to challenge his removal before the MSPB or the EEO. In November, 2003, in violation of 29 C.F.R. § 1614.302(b), Plaintiff filed both an MSPB mixed case appeal and an EEO mixed case complaint. Plaintiff is unable to show that he filed the EEO complaint first, so as to constitute an election to proceed before the EEO. Booty's EEO complaint bears a fully legible EEO Appeals Center Southwest Area "Received" stamp, dated November 20, 2003. A rubber stamp mark on Booty's MSPB appeal form is not clearly legible, but appears to bear a "20." The MSPB in its February 23, 2004, decision announcing the withdrawal of Booty's appeal recites that it was on November 18, 2004, that Booty appealed to the MSPB. The EEO office on May 17, 2005, declared that Booty's EEO complaint and his MSPB appeal had both been filed on November 18, 2003, and ruled that since one may not pursue the same issue in both forums, Booty was deemed to have chosen the appeals forum in the MSPB. Hence, there is some evidence that Booty filed his appeal in the MSPB two days before he filed his complaint with the EEO, and there is some evidence that both filings were made on the same day. There is no evidence whatever that Booty filed the EEO complaint first.

The governing regulations do not address how an election of remedies is to be ascertained when a federal employee files an EEO mixed case complaint and an MSPB mixed case appeal on the same day. However, the governing regulations do provide that if an employee elects to file a mixed case complaint with his agency's EEO office, the employee can then appeal to the MSPB if a final decision is not issued within 120 days after the EEO complaint was filed or "within 30 days of receipt of the [EEO's] final decision." *See* 29 C.F.R. §§ 1614.302(d)(1)(i)-(ii), (d)(3). Given the appellate authority of the MSPB as a possible final arbiter before filing in district court, and the complainant's right initially to elect one but not both forums, it is reasonable to conclude that when a plaintiff on the same day in violation of the regulations files *both* an EEO mixed case complaint and an MSPB mixed case appeal regarding an adverse personnel action, the MSPB appeal must be deemed to take precedence over the EEO complaint and the EEO complaint is a nullity. This was the conclusion also of the EEO in this case when it determined Booty had made both filings on the same day. Plaintiff is therefore deemed to have elected to appeal his removal directly to the MSPB and his EEO complaint was a nullity.[4]

---

[4] Plaintiff's election to proceed before the MSPB was further evidenced in January, 2004, when he filed in the EEO his "Withdrawal of Formal [EEO] Complaint," that "[t]his withdrawal of the formal EEO [complaint] is being made in order to pursue the Complainant's disputes before the Merit System Protections Board." *See* Document No. 26 ex. K. Plaintiff contends that he later objected to his authorized representative having withdrawn his EEO

Although Plaintiff elected to appeal his removal directly to the MSPB, he then withdrew his MSPB appeal in February, 2004, resulting in its dismissal by the administrative judge on February 23, 2004. Because the administrative judge dismissed the MSPB appeal as withdrawn without reaching the merits of Plaintiff's claims, Plaintiff did not exhaust his administrative remedies with respect to his Title VII claims. Smith, 2006 WL 2167716, at *5 (dismissing retaliation claims for failure to exhaust administrative remedies where federal employee withdrew her MSPB appeal, which precluded the administrative judge from "conduct[ing] a hearing and address[ing] the merits of the appeal."). *See also* McAdams, 64 F.3d at 1141-42 (holding that a federal employee who elects to file an appeal with the MSPB is required to exhaust his claims in that forum before filing a civil action and cannot assert in federal court discrimination claims that were abandoned before the MSPB); Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 770 (9th Cir. 1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); Rivera v. U.S. Postal Serv., 830 F.2d 1037,

---

Complaint, countermanded the withdrawal, and later withdrew his MSPB appeal. This sort of maneuvering back and forth between the EEO and the MSPB is completely antithetical to the regulations that permit an aggrieved person an election of remedies between the two but strictly prohibit him from filing and pursuing claims in both forums.

1039 (9th Cir. 1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."), *abrogated on other grounds by* Bak v. Postal Serv., 52 F.3d 241, 243 (9th Cir. 1995); *see also* Taylor v. Dam, 244 F. Supp. 2d 747, 757 (S.D. Tex. 2003) ("[A]n aggrieved federal employee must elect an exclusive administrative remedy and fully exhaust the remedy chosen."); Harms v. Snow, 57 Fed. Appx. 720 (8th Cir. 2003) (per curiam) (affirming dismissal of IRS employee's Title VII and ADA claims for failure to exhaust administrative remedies; although employee initially pursued his claims with the MSPB, he subsequently abandoned those claims and was therefore precluded from raising them in federal court).[5]

Moreover, as Defendant asserts, Plaintiff's complaint (which was not filed until January, 2005) is untimely, as it was filed more than 30 days after the MSPB decision became final on March 29,

---

[5] Although Plaintiff alleged in his MSPB appeal that his removal was discriminatory and retaliatory, he did not specifically allege a hostile work environment claim. By filing a mixed-case appeal with the MSPB, Plaintiff made a binding election to pursue all of his claims for wrongful removal before the MSPB, including his hostile work environment claim, which is "related to, and nearly dependent on, [the] appealable action[ ]" and involves overlapping facts. *See* McAdams, 64 F.3d at 1143-44 (federal employee's hostile work environment claim was "related to, and nearly dependent on" her demotion and removal; hence, she was required to assert the claim before the MSPB to exhaust her administrative remedies, and her failure to do so was an "abandonment" of the claim); *see also* German v. Pena, 88 F. Supp. 2d 222, 225 (S.D.N.Y. 2000) ("Once an employee has chosen the agency in which he wishes to adjudicate his claims [either the MSPB or the agency's EEO], he is required to bring all claims relevant to his discharge in that proceeding."). Plaintiff failed to exhaust his administrative remedies with respect to his hostile work environment claim, and the claim will be dismissed.

2004. *See* 5 U.S.C. § 7703(b)(2) (a complainant seeking judicial review of a decision by the MSPB on a discrimination claim must file appeal within 30 days after receipt of a final decision from the MSPB); <u>Butler</u>, 164 F.3d at 639 (same) (citing 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b)). *See also* <u>Randel</u>, 157 F.3d at 395 (a federal employee claiming discrimination in violation of Title VII must "exhaust his administrative remedies. . . . [and] file his complaint in a timely manner," or else "the court is deprived of jurisdiction over the case."). Plaintiff has neither argued nor presented evidence that equitable tolling and/or equitable relief from the exhaustion requirement is warranted in this case. As such, because Plaintiff failed to exhaust his administrative remedies and did not timely file his complaint, and because there is nothing of record to justify equitable relief, Defendant's Motion to Dismiss will be granted.

IV. <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss (Document No. 26) is GRANTED, and Plaintiff's Title VII race discrimination, hostile work environment, and retaliation claims are DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that Defendant's Supplemental Motion to Dismiss (Document No. 35) is GRANTED, and Plaintiff's breach of contract claim is DISMISSED.

The Clerk will enter this Order and send a copy to all parties of record.

SIGNED at Houston, Texas on this 27th day of February, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE